# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY SCOTT JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Case No.: 04-377-BH-B |
| | ) | |
| LINDEN CITY BOARD OF | ) | |
| EDUCATION, and WALTER DAVIS, | ) | |
| Individually and in his official capacity as | ) | |
| Superintendent of Education of | ) | |
| Linden City Schools, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court issues this Order as its holding on a question of state law relevant to the application of federal law at issue in this matter. In their Brief supporting a Motion (Doc. 28-2) for Summary Judgment and Reply (Doc. 71) to Plaintiff's Response to that same Motion for Summary Judgment, Defendants assert that Superintendant Walter Davis is not a "final policymaking authority" such that his actions hold the Linden City School Board (hereinafter, "School Board") liable under §1983. The Court agrees.

Under §1983, a government entity (here, the School Board) may not be held liable for the act of employees simply under a theory of *respondeat superior*. *Monell v. Dept. of Soc. Serv. of the City of New York*, 436 U.S. 658, 691 (1978). Rather, "only those officials who have final policymaking authority may render the municipality liable under § 1983." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005). Determination of whether a particular official has final policymaking authority, however, is a question of state law. *Id.* (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). Though having already denied Defendants' Motion for Summary Judgment, the Court now addresses the issue of

whether Superintendent Walter Davis has final policymaking authority because "the identification of those officials whose decisions represent the official policy of the local government unit is itself a legal question to be resolved by the trial judge *before* the case is submitted to the jury." *Jett*, 491 U.S. at 737.

Therefore, the Court examines Alabama "state and local positive law" in determining whether Davis possesses the requisite final policymaking authority to render the School Board potentially liable for his actions. *See Cooper*, 403 F.3d at 1221. Defendants submit Alabama Code §16-12-16 is clear that superintendents do not have the final authority to hire, promote or terminate employees. Rather, as the statute states, "[t]he city superintendent of schools shall *nominate* ... for appointment by the city board of education all principals, teachers, supervisors ... *recommend* them for promotion ...[and] *recommend* for dismissal ... ." Ala. Code §16-12-16 (1975)(emphasis added). The statute is clear that the final act of appointment, promotion or termination lies solely with the Board. Furthermore, the Alabama Supreme Court has likewise interpreted Alabama law as not providing superintendents the power to finalize an employment action without concurrence of the school board. *Marsh v. Birmingham Bd. of Education*, 349 So.2d 34, 35 (Ala. 1977). *Marsh*, 349 So.2d at 35. Though it is clear the superintendent and the school board act in concert regarding employment actions, it is the final act of authorization that makes the school board, not the superintendent, the "final policymaking authority." As the Eleventh Circuit has held, "[a] governmental employee is considered a 'final policymaker' for governmental liability purposes only if his decisions have legal effect without further action by the governing body, and if the governing body lacks the power to reverse the employee's decision." *Kamensky v. Dean*, 2005 WL 2224840, *2 (11th Cir. 2005)(citing *Holloman ex. rel. Holloman v. Harland*, 370 F.3d 1252, 1292 (11th Cir. 2004))(internal quotations omitted). Under Alabama law, it is clear that although not involved in a large majority of the selection process, the school board certainly has the power to reverse or deny the superintendent's

recommendation.

Though Plaintiff asserts that Linden City's local school board regulations alter the responsibilities as they are presented in the state statute, the Court does not find that such regulations require the school board to merely "rubber stamp" the employment action recommendations of the superintendent. The Court interprets the regulations cited by Plaintiff (Pl.'s Br. Opp., Doc. 69, p.6)(citing Exs. 30 & 31, Doc. 70) as only providing that it is the superintendent's duty to recommend personnel for employment or promotion and that the school board shall not make such decisions without a recommended candidate before them. In no way do the regulations require the board to hire all employees presented by the superintendent. Therefore, the local regulations only seem to enforce the state statutory policy of cooperation between the superintendent and the school board in such decisions.

Though the Court does not find that Defendant Superintendent Davis is a "final policymaking authority" for the purpose of imputing liability on the School Board for his actions, Plaintiff's claims for municipal liability are not defeated. It is well established that violations of constitutional rights by a government employee can impose municipal liability under §1983 when they are taken pursuant to a government "policy" or "custom." *Monell*, 436 U.S. at 694. In addition to contending that the School Board is liable for alleged discrimination based on "failing to adequately promulgate, disseminate, and enforce a racial harassment and/or discrimination and/or retaliation policies," Plaintiff also submits that the School Board "failed to take any prompt and effective remedial action reasonably calculated to result in the prevention and/or remedy of racial discrimination and/or retaliation of plaintiff." (Am. Comp. ¶60-61). As the Eleventh Circuit has noted, "a municipality's failure to correct the constitutionally offensive actions of its employees can rise to the level of a custom or policy if the municipality tacitly authorizes these actions or displays deliberate indifference towards the misconduct." *Griffen v. City of Opa-Locka*, 261 F.3d

1295, 1308 (11th Cir. 2001)(citing *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir.1987)). It is clear in the Complaint that Plaintiff does not base the School Board's culpability solely on Davis's position as a "final policymaking authority." Rather, Plaintiff seems to assert his claims against the School Board based upon a theory of governmental custom or policy stemming from the Board's ratification of Davis's selection process and recommended candidates and/or failure to remedy such alleged discriminatory conduct.

**CONCLUSION**

The Court finds that Defendant Superintendent Walter Davis, as a matter of law, is not a "final policymaking authority" such that his actions would automatically impute liability upon the the Linden City School Board. However, contrary to Defendants' assertions, Davis's status as a non-"final policymaking authority" does not summarily defeat Plaintiff's claims of municipal liability against the School Board.

**So ORDERED**, this 21st day of September, 2005.

> s/ W. B. Hand
> SENIOR DISTRICT JUDGE