IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY SCOTT JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Case No.: 04-377-BH-B |
| ) | |
| LINDEN CITY BOARD OF ) | |
| EDUCATION, and WALTER DAVIS, ) | |
| Individually and in his official capacity as ) | |
| Superintendent of Education of ) | |
| Linden City Schools, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the parties' Motions (Docs. 77 & 78) in Limine and Defendants' Response (Doc. 80) to Plaintiff's Motion (Doc. 78) in Limine. Upon review of the parties' respective motions the Court rules as follows:

As to Defendants' Motion in Limine seeking the Court to exclude certain evidence and/or testimony, the Court finds that it is **due to be DENIED in Part and the remainder of the issues are to be determined at trial when such determination becomes necessary**. Defendants seek to exclude evidence of Timothy Thurman's actions or incidents while he was employed by the Perry County Board of Education prior to serving as principal a Linden High School, as well as any incidents, actions or correspondence pertaining to any instances that reflect on his performance after he was hired at Linden

High School. The Court will withhold ruling on the propriety of this evidence until the context and nature of such evidence becomes more clear at trial. For the same reason, the Court also withholds its ruling as to Defendants plea to exclude the handwritten notes (Pl.'s Proposed Ex. List, #8) of Scott Jones. However, the Court does find that exclusion of Rebecca Vick's testimony that she believed a majority of the interview committee felt it was better to have a black man as principal would be improper. In Ms. Vick's deposition, she testified that such a feeling was merely her opinion. The Court feels that this type of testimony is probative as she was a member of one of the selection committees and her feelings while she was making a decision as to who was the best candidate certainly is relevant in this matter. Furthermore, such testimony would not be overly prejudicial as Defendants will have the opportunity to cross-examine her to as to the basis and rationality of such a feeling. Therefore, Defendants' attempt to exclude the testimony of Rebecca Vick is **hereby DENIED**.

Plaintiff also seeks to exclude particular evidence and testimony, as outlined in its own Motion in Limine. Plaintiff's Motion is **due to be GRANTED in Part and the remainder of the issues are to be determined at trial when such determination becomes necessary**. As we determined with Defendants' motion, the Court will withhold ruling on much of the material sought to be excluded by Plaintiff. However, the Court does find that Plaintiff's request to exclude all evidence and testimony that may pertain to Plaintiff's custody matters with his children is **hereby GRANTED**. As outlined in Plaintiff's Motion, this type of evidence is currently irrelevant to the issue being determined pursuant to Fed.R.Evid. 401 and 402. However, if, at some point during the trial, Defendants feel that such evidence is necessary to support their burden or rebut a contention made by Plaintiff or one of his witnesses, they may motion the Court for its permission to present such evidence. The Court does caution, though, that it will only allow such evidence as is absolutely necessary and will take great pains to ensure that the contents and nature

of that testimony are not presented in a manner that is more prejudicial than probative.

**So ORDERED**, this 6th day of October, 2005.

_s/ W. B. Hand_
SENIOR DISTRICT JUDGE
